Dear Mayor Davis:
On behalf of the Town of Farmerville you have requested the opinion of this office concerning the issue of whether or not the Policy Jury of Union Parish has the authority to prevent the placement of FEMA trailer parks within the incorporated area of the Town of Farmerville. The opinion request indicates that the Police Jury of Union Parish is believes that they have the authority to approve where a trailer park may be placed within the parish. Specifically, you ask whether an incorporated municipality, such as the Town of Farmerville, without the consent and permission of the police jury, allow a trailer park to be placed within its incorporated area.
Louisiana law separately provides for the powers of police juries and other parish governing authorities (LSA-R.S. 33:1236) from that of municipalities which are set forth in LA-R.S. 33:361A and which provides as follows:
 Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possesses in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary requisite, or proper for the management of its affairs not denied by law.
Prior opinions of this office have consistently recognized that through Title 33 the Legislature has given complete control and jurisdiction over the incorporated areas of a municipality to the governing body of each particular municipality. This Title also gives complete control and jurisdiction of all unincorporated areas of a parish to the parish police jury. The parish governing authorities and the municipal governing authorities are separate and distinct governing bodies and neither can legally exert its authority outside its jurisdiction. As such, the laws and ordinances of a municipality take precedence within the jurisdiction of that municipality over those laws and ordinances of the parish in *Page 2 
which the municipality is located. See AG Op. Nos. 01-308, 86-296,84-749 and 82-457. Louisiana Courts have interpreted the law in the same way. In State of Louisiana v. Meche, 724 So.2d 847, (La.App. 3 Cir. 12/16/98) the Third Circuit in deciding a whether the city, rather than the parish, had the authority to file criminal charges against a landowner for violating a parish ordinance held: "In studying the opinions of the Attorney General, we find that only Op. Att'y Gen. No. 95-413 (December 14, 1995) references a conflict between the ordinances. All other pertinent opinions specifically state that the parish governing authorities and the municipal governing authorities are separate and distinct governing bodies, and that neither can legally exert its authority outside its jurisdiction. Thus, we find the language in Attorney General Opinion 95-413 does not limit the ranking of the ordinances to conflict situations and is, therefore, of no moment. Accordingly, we hold that it is not necessary that a conflict exist between parish and municipal ordinances in order for the parish to be denied jurisdiction within an incorporated municipality; a parish simply cannot enforce its ordinances upon the citizens of an incorporated municipality."
Your request does not state whether either the Town of Farmerville has enacted a zoning ordinance in accordance with LSA-R.S. 33:4721 and which is required for any placement of trailer parks within the municipality. However, if such a zoning ordinance would be enacted the police jury would not have any authority to impose restrictions on such establishments located within the corporate limits of the municipality. See Atty Gen. Op. No. 92-84.
In American Waste and Pollution Control Co. v. St. Martin ParishPolice Jury, 609 So.2d 201, (La. 1992), a waste control company attempted to secure a permit to construct a solid waste disposal facility on property located within the parish. The parish enacted a zoning ordinance which set forth a comprehensive parish-wide land use plan and it enacted a land use ordinance which set forth requirements for the initial sitting of solid waste landfills. The trial court held that the ordinance was unconstitutional because the parish's police jury did not have legislative or constitutional authority to zone or restrict land use. The court held that the parish had no home rule charter and thus, it could only exercise those powers expressly granted to it by the state constitution or by the legislature. The court held that pursuant to La. Const. art. VI, § 17, the parish, was only given power to zone or regulate land use if the legislature had established uniform procedures for the exercise of such power. Because the legislature had not established such uniform procedures for the parishes, the parish lacked the authority under the constitution to enact the ordinances at issue and thus, they were unconstitutional.
Based on the foregoing it is apparent that the Police Jury of Union Parish's permission is not a prerequisite to placement of a trailer park within in the incorporated area of the Town of Farmerville. The parish governing authorities and the municipal governing authorities are separate and distinct governing bodies, and that neither can legally exert *Page 3 
its authority outside its jurisdiction. Accordingly, it is the opinion of this office that the Town of Farmerville, subject to properly adopted zoning ordinances, maintains the authority of regulating the placement of a trailer park within its incorporated area.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very Truly Yours,
 CHARLES C. FOTI, JR. Attorney General
 By:_______________________ RICHARD L. MCGIMSEY Assistant Attorney General Public Finance Contracts Section